IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

THE ASSOCIATION FOR DISABLED AMERICANS, INC., AND DANIEL RUIZ,

   Plaintiffs,

vs.

SUNNY ISLES LUXURY VENTURES, INC., AND 18001 HOLDINGS, LLC, d/b/a Trump International Beach Resort, AND SUNNY ISLES LUXURY VENTURES, L.C., as Trustee for Sunny Isles Luxury Ventures, Inc., AND MAJESTIC HOME, LLC, AND OTHERS PRESENTLY UNKNOWN,

   Defendants.

**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**

Plaintiffs, the ASSOCIATION FOR DISABLED AMERICANS, INC, AND DANIEL RUIZ (hereinafter collectively referred to as "Plaintiffs"), hereby jointly sue the Defendants, SUNNY ISLES LUXURY VENTURES, INC., AND 18001 HOLDINGS, LLC, d/b/a Trump International Beach Resort, AND SUNNY ISLES LUXURY VENTURES, L.C., as Trustee for Defendant, Sunny Isles Luxury Ventures, Inc., AND MAJESTIC HOME, LLC, AND OTHERS PRESENTLY UNKNOWN, (hereinafter sometimes collectively referred to referred to as "Defendants"), for **permanent** injunctive relief for access and barrier removal

pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC"), at the property located at 18001 Collins Avenue, Sunny Isles Beach, Florida 33160, and commonly known by its Registered fictitious name, Trump International Beach Resort, a hotel/condominium complex and related facilities (hereinafter sometimes collectively referred to as "Building" or "Premises, and is further described by the Miami-Dade County Property Appraiser as bearing the legal descriptions: NO BISCAYNE BCH PB 44-42 PORT OF TR P DESC BEG AT SW COR OF TR P TH N 03 DEG E 291FT S 87 DEG E 504.01FT S 05 DEG W 239FT S 86 DEG W 494.53FT TO POB LESS CONDO DESC IN OR 21007-0527.[2] And TRUMP INTERNATIONAL SONESTA BEACH RESORT CONDO UNIT 1117 UNDIV 1/373 INT IN COMMON ELEMENTS OFF REC 21007-0527.[3] Moreover, as alleged ADA violations encompass portions of the common areas, amenities, shops, etc., for which each share holder retains 1/373 interests thereof, it

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

[2] As to SUNNY ISLES LUXURY VENTURES INC.

[3] As to MAJESTIC HOME LLC.

is expected that additional Defendants will be named so that all proper Parties are before the Court.[4]

## JURISDICTION

**1.** This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans With Disabilities Act (hereinafter "the ADA"). *See also* 28 U.S.C. §§ 2201 and 2202.

**2.** This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

**3.** Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Sunny Isles Beach, Florida, Miami-Dade County, and the subject Premises is located in Miami-Dade County, Florida.

## PARTIES

**4.** Plaintiff, the Association for Disabled Americans, Inc., (hereinafter "the Association"), is a non-profit corporation organized and existing under the laws of the State of Florida. The Association's members, which includes the individual Plaintiff herein, are qualified individuals with disabilities under the ADA and the FACBC. The Association seeks to improve the economic and societal opportunities

---

[4] There are 374 listed individual unit owners, of which many own multiple units.

of its members by providing counseling and other services to its members as well as, when required, enforcing the legal rights to access for its members in order to facilitate their participation and integration into society. In so doing, the Association seeks to assure that public spaces and commercial premises are accessible to, and usable by, its members in the future; to assure its members that they will not be excluded from participation in, or be denied the benefits of, the services, programs or activities of public accommodations; and, to assure its members that they are not discriminated against because of their disabilities. The Association and its members have suffered direct and indirect injury as a result of the Defendants' discriminatory practices described more fully herein, and will continue to suffer such injury and discrimination without the relief provided by the ADA and the FACBC as requested herein. Defendants' discriminatory practices have forced the Association to divert resources from its counseling and other programs, thereby perceptibly impairing the Association's ability to provide services to its members and directly frustrating one of the goals of the Association – to facilitate access and integration for its members. The Association has also been discriminated against because of its association with its members and their claims.

  **5.** The individual Plaintiff, Daniel Ruiz, is currently a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been denied access to the premises as set forth more fully herein, and who will

continue to be denied access without the injunctive relief requested herein. Plaintiff Ruiz is paralyzed from the waist down and, and as a result, requires a wheelchair to ambulate. Mr. Ruiz visited the subject premises in or about October 2011. During his visit to the subject premises, Mr. Ruiz had, *inter alia*, numerous difficulties and/or was denied access to areas throughout the facility due to the presence of architectural barriers. Significantly, Mr. Ruiz was not able to access the amenities and necessities within his very own room (#1117), which is represented by the Defendants as the allegedly "accessible room." Moreover, numerous amenities within the common areas of the facility are inaccessible, in violation of the ADA. Furthermore, as Plaintiff resides in Miami, Florida, he will regularly visit the premises once the architectural barriers are removed. However, Mr. Ruiz will be denied full access to the subject premises unless the injunctive relief requested herein is granted. Therefore, Plaintiff Ruiz continues to be denied access thereto, within the meaning of the ADA and the FACBC, due to barriers he encountered during his stay at the Premises. Plaintiff Ruiz is currently denied full access to the subject premises, as required by the ADA and the FACBC, and is thus deterred from returning to the Premises, unless the injunctive relief requested herein is granted.

  **6.** The Defendant, SUNNY ISLES LUXURY VENTURES, INC., is one of the registered owner of the Premises. As the operator and/or lessor, and/or lessee, of the real property and improvements which are the subject of this action at the Subject

Premises, SUNNY ISLES LUXURY VENTURES, INC., is a proper Defendant before this Court. The Defendant is listed as one of the owners of record of the subject Premises pursuant to the Miami-Dade County Property Appraiser. Defendant is registered as a for-profit Corporation which is authorized to, and does, conduct business in the State of Florida. The Defendant is one of the Registered owners of the Registered fictitious name, Trump International Beach Resorts.

7. The Defendant, 18001 HOLDINGS, LLC, is also the registered owner of the fictitious name, "Trump International Beach Resorts," which lists its principal and mailing address as 18001 Collins Avenue, 31st Floor, Sunny Isles Beach, Florida 33160 (the address of the subject Premises), and, upon information and belief, is the operator and/or lessor, and/or lessee, of the real property and improvements which are the subject of this action at the Subject Premises. Defendant is registered as a for-profit Corporation which is authorized to, and does, conduct business in the State of Florida.

8. The Defendant, SUNNY ISLES LUXURY VENTURES, L.C., is the operator and/or lessor, and/or lessee, of the real property and improvements which are the subject of this action at the Subject Premises. SUNNY ISLES LUXURY VENTURES, L.C., is registered as a Florida Limited Liability Company, which serves as Trustee for co-Defendant herein, Sunny Isles Ventures, Inc., and is a proper

Defendant before this Court. Defendant is authorized to, and does, conduct business in the State of Florida.

    **9.** The Defendant, MAJESTIC HOME, LLC, is the registered owner of the Room 1117 at the subject Premises. Said room is where Plaintiff Ruiz resided during his stay at the Premises. Room 1117 is represented as the allegedly "accessible room" at the Premises. However, this room is anything but accessible as required by the ADA. Accordingly, in its capacity as the registered owner of Room 1117, this Defendant is the operator and/or lessor, and/or lessee, of the real property and improvements which are the subject of this action at the Subject Premises and is a proper Party before this Court. Defendant is a registered Limited Liability Company which is authorized to, and does, conduct business in the State of Florida.

    **10.** The Defendant(s) OTHERS PRESENTLY UNKNOWN are those Defendant(s) that manage, operate or otherwise exercise financial and other control over and within the subject Premises, including, but not limited to, any condominium association or similar collective operation/organization. These Presently Unknown Parties are expected to be identified and joined through early discover, so that all proper Parties are before the Court. Further, Defendant(s) "Unknown" are those Defendant(s) owning an interest in the common areas and related facilities, including, but not limited to, restaurants, shops, cabana services, and other amenities at the Premises. Plaintiffs may require immediate limited discovery to ascertain the name

and location of these entities and their respective registered agents. Further, early limited discovery will promote judicial economy, because it may enable the Plaintiffs' to expeditiously serve any and all such additional entities. In the event said early discovery is not forthcoming, then Plaintiffs may be prejudiced as they may not be proceeding against all the necessary individuals and entities who are responsible for modifying the subject Premises. As a result, Plaintiffs will be denied the relief provided by the ADA; that is, unobstructed access to a place of public accommodation and protection from discrimination because of their disabilities.

## COUNT I

### Americans With Disabilities Action for Injunctive Relief

**11.** This action arises pursuant to Title 42 U.S.C. § 12181, *et seq* ("Americans With Disabilities Act").

**12.** Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 10 of this Complaint as if fully stated herein.

**13.** On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

**14.** The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26,

1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less.  *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

15.     Pursuant to 42 U.S.C. §12183, the subject premises, constructed well after the ADA effective date in 2003, Defendants had a legal duty to be in full compliance with the ADA as of the date of first occupancy. The Premises were required to be designed and constructed to be readily accessible to and usable by individuals with disabilities. Defendants failed to do so.

16.     The Premises which is owned, leased to or by, and/or operate by the Defendants, and which is the subject of this action, includes a hotel/condominium time share facility, restaurants, shops, and related facilities.  The hotel/condominium time share and related facilities must be, but are unable to be, accessed by individuals with disabilities, including the individual Plaintiff and the corporate Plaintiff organization and its members.

17.     Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the Premises which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

18.     The Defendants have discriminated against the individual Plaintiff and the Plaintiff organization by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the

premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

19.  Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

20.  The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302 *et seq.*, and are discriminating against the Plaintiffs and their members as a result of, *inter alia*, the following violations:[5]

> a.  There is no policy and procedure for accessible parking at the valet. Individuals with accessible vehicles are forced to manually remove hand-controls in order to allow a valet to park the vehicle, and charge $26.00 per day for this "privilege." Instead. Accessible vehicles with hand-controls and the "handicap" plate must be permitted to self-park at an accessible space.

> b.  The existing platform lift is noncompliant. A lift is not permitted in new construction except in very rare occasions not present here.  As "new construction" (post January 26, 1992 for entities with 50 or more employees) this facility was required to be design and constructed to be fully accessible and usable by individuals with a disability. The existing lift has inadequate maneuvering clearance at the entry side of the door to the lift. The platform lift does not provide for independent usage as

---

[5] Due to the architectural barriers encountered, all areas of the premises were not able to be assessed. Moreover, as a secure facility, Plaintiffs' expert is unable to access the facility to conduct a thorough pre-filing assessment. Accordingly, the above list is not to be considered all-inclusive. A *complete* list of the subject premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiffs' representatives pursuant to Rule 34(b) of the Federal Rules of Civil Procedure.

a key is required from an employee who must activate the lift from the exterior. A ramp must be installed.

- **ROOM 1117**

    **c.**    Door latch beyond reach parameters;

    **d.**    Microwave beyond reach parameters;

    **e.**    Coat rack beyond reach parameters;

    **f.**    Iron too beyond reach parameters;

    **g.**    Curtain roads beyond reach parameters;

    **h.**    Lamp have inaccessible controls and require a person in wheelchair to use their foot to turn on. This is a safety issue as well as a violation. A person who is paralyzed cannot use their feet to turn on lights;

    **i.**    Bed too high and requires and cannot be access independently;

    **j.**    Dressers lack handles and some had non-compliant knobs that require pinching;

    **k.**    No access to balcony. No ramp or cut off;

    **l.**    Tables in the balcony non-compliant;

    **m.**    Table in room is non-compliant.

    **n.**    Toilet lacks proper grab bars;

    **o.**    Toilet flush controls are not located on the wide side;

    **p.**    Door to restroom encroaches upon toilet maneuvering clearance;

    **q.**    Bathroom sink beyond height parameters;

    **r.**    Bathroom beyond height parameters;

    **s.**    Shower cannot be used independently due to numerous factors including misplacement of the shower head.

- **Clothes Boutique**

    **t.**    Lacks accessible dressing room;

    **u.**    Lacks accessible counter at cash register.

- **Lobby Bar**

    **v.**    Lacks accessible tables and lowered section at the bar itself (indoor and outdoor).

- **Accessible Rooms:**

    **w.**    The facility lacks a roll-in shower. With over 300 rooms, the ADAAG requires no less than four (4) such roll-in showers;

-     **x.**    Plaintiff informed by facility Staff there is only one (1) accessible room, when eight (8) are required;

- **Beach and Pool Access**:

    **y.**    The pool and beach areas, which are areas of primary function at this facility, have numerous inaccessible elements.

21.    The individual Plaintiff and the corporate Plaintiff's members have been denied access to, and have been denied the benefits of, services, programs and activities of the premises and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of Defendants' existing ADA violations, including, but not limited to, those set forth above. Furthermore, Plaintiffs will continue to suffer such discrimination, injury and damage and will be

deterred from returning to the premises without the relief provided by the ADA as requested herein. Besides the individual Plaintiff' claim asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member.[6]

22.     Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

23.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

24.     The Plaintiffs demand a non-jury trial on all issues to be tried herein.

WHEREFORE, Plaintiffs respectfully request the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices,

---

[6] *See* ***Hunt v. Washington State Apple Advertising Commission,*** 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit). *Accord,* ***Doe v. Stincer,*** 175 F.3d 879 (11th Cir. 1999).

ordering the Defendants to alter the subject premises as appropriate to comply with the ADA "new construction" standards, and awarding Plaintiffs their attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite modifications are completed,

## COUNT II

### Action for Violations of the Florida Americans With Disabilities Accessibility Implementation Act

25.     This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

26.     Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 24 of this Complaint as if fully stated herein.

27.     Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "the federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[7] and Title II of Public Law No. 101-336,[8]" subject to the additional requirements of Fla. Stat. § 553.504.

28.     Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC). The FACBC

---

[7] 28 CFR §§ 36.101, *et seq,* 36.401, *et seq.*

[8] 42 U.S.C.A. § 12131, *et seq.*

establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997.  *See* FACBC Chapter 11 and Fla. Stat. § 553.503.

29.     In addition, Fla. Stat. § 553.502 provides that "nothing in ss. 553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla. Stat. § 553.502.

30.     Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> <u>The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code</u>. The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law. Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code.  Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

31.     Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

>Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

32.     Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other...State or local law (including State Common Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them." *Id.*

33.     At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiffs herein.

34.     On more than one occasion, Defendants breached their duty to provide access to the subject premises by Plaintiffs and thereby discriminated against Plaintiffs, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

>    a.     There is no policy and procedure for accessible parking at the valet. Individuals with accessible vehicles are forced to manually remove hand-controls in order to allow a valet to park the vehicle, and charge $26.00 per day for this "privilege." Instead. Accessible vehicles with hand-controls and the "handicap" plate must be permitted to self-park at an accessible space.
>
>    b.     The existing platform lift is noncompliant. A lift is not permitted in new construction except in very rare occasions not present here. As "new construction" (post January 26, 1992 for entities with 50 or more employees) this facility was required to be design and constructed to be fully accessible and usable by individuals with a disability. The existing lift has inadequate maneuvering clearance at the entry side of the door to the lift, in violation of ADAAG 4.13. The platform lift does not

provide for independent usage as a key is required from an employee who must activate the lift from the exterior in violation of ADAAG 4.11.3. A ramp must be installed.

- **ROOM 1117**

    **c.**   Door latch beyond reach parameters;

    **d.**   Microwave beyond reach parameters;

    **e.**   Coat rack beyond reach parameters;

    **f.**   Iron too beyond reach parameters;

    **g.**   Curtain roads beyond reach parameters;

    **h.**   Lamp have inaccessible controls and require a person in wheelchair to use their foot to turn on. This is a safety issue as well as a violation. A person who is paralyzed cannot use their feet to turn on lights;

    **i.**   Bed too high and requires and cannot be access independently;

    **j.**   Dressers lack handles and some had non-compliant knobs that require pinching;

    **k.**   No access to balcony. No ramp or cut off;

    **l.**   Tables in the balcony non-compliant;

    **m.**   Table in room is non-compliant.

    **n.**   Toilet lacks proper grab bars;

    **o.**   Toilet flush controls are not located on the wide side;

    **p.**   Door to restroom encroaches upon toilet maneuvering clearance;

    **q.**   Bathroom sink beyond height parameters;

  **r.** Bathroom beyond height parameters;

  **s.** Shower cannot be used independently due to numerous factors including misplacement of the shower head.

- **Clothes Boutique**

  **t.** Lacks accessible dressing room;

  **u.** Lacks accessible counter at cash register.

- **Lobby Bar**

  **v.** Lacks accessible tables and lowered section at the bar itself (indoor and outdoor).

- **Accessible Rooms:**

  **w.** The facility lacks a roll-in shower. With over 300 rooms, the ADAAG requires no less than four (4) such roll-in showers;

- **x.** Plaintiff informed by facility Staff there is only one (1) accessible room, when eight (8) are required;

- **Beach and Pool Access**:

  **y.** The pool and beach areas, which are areas of primary function at this facility, have numerous inaccessible elements.

  35. The individual Plaintiff and the corporate Plaintiff's members have been denied access to, and have been denied the benefits of, services, programs and activities of the premises and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of Defendants' FACBC violations set forth above. Furthermore, Plaintiffs will continue to suffer such discrimination,

Case 1:11-cv-24097-PAS   Document 1   Entered on FLSD Docket 11/14/2011   Page 19 of 20
**COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF**                                                              **PAGE 19**

injury and damage without the relief provided pursuant to the FACBC as requested herein.

36.     Besides the individual Plaintiff's claim asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member.[9]

37.     Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action.  Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205. [10]

38.     Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat. §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiff's injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with

---

[9] *See* **Hunt v. Washington State Apple Advertising Commission,** 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit). *Accord,* **Doe v. Stincer,** 175 F.3d 879 (11th Cir. 1999).

[10] *Cf.,* **Wesley Group Home Ministries, Inc., v. City of Hallendale,** 670 So.2d 1046 (Fla. 4th Distr. 1996).

disabilities to the extent required by the FACBC, and closing the subject premises and facilities until the requested modifications are completed.

**39.** The Plaintiffs demand a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiffs respectfully request that the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the FACBC, and closing the subject premises until the requested modifications are completed.

Respectfully Submitted,

PUIG LAW FIRM, P.A.
4090 Laguna Street, Second Floor
Coral Gables, Florida 33146
TELEPHONE: (305) 442-6780
FAX:            (305) 974-1939
E-Mail:        jp@puiglaw.com

By:    s/ Jose R. Puig
       JOSE R. PUIG, ESQ.
       Florida Bar No.29350