IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-CV-24097-SEITZ/SIMONTON

THE ASSOCIATION FOR DISABLED
AMERICANS, INC., and DANIEL RUIZ,

       Plaintiffs,

vs.

SUNNY ISLES LUXURY VENTURES, INC.,
18001 HOLDINGS, LLC, d/b/a Trump International
Beach Resort, SUNNY ISLES LUXURY VENTURES,
L.C., as Trustee for Sunny Isles Luxury Ventures, Inc.,
MAJESTIC HOME, LLC, and OTHERS PRESENTLY
UNKNOWN,

       Defendants.
_____/

## SUNNY ISLES DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Sunny Isles Luxury Ventures, Inc., 18001 Holdings, LLC and Sunny Isles Luxury Ventures, L.C. (collectively, "Sunny Isles Defendants"), hereby file their Answer and Affirmative Defenses to the Complaint filed by Plaintiffs The Association for Disabled Americans, Inc. and Daniel Ruiz (collectively, "Plaintiffs").

## ANSWER

1.    Sunny Isles Defendants admit that this Court has jurisdiction over claims brought under Title III of the Americans with Disabilities Act ("ADA"). Except as expressly admitted, Sunny Isles Defendants deny the remainder of the allegations in Paragraph 1 of Plaintiffs' Complaint.

2. Sunny Isles Defendants admit the allegations in Paragraph 2 of Plaintiffs' Complaint, but Sunny Isles Defendants deny that Plaintiffs have any valid claim for relief..

3. Sunny Isles Defendants admit the allegations in Paragraph 3 of Plaintiffs' Complaint.

4. Sunny Isles Defendants are without knowledge of the truth or falsity of the allegations in the first four sentences of Paragraph 4 of Plaintiffs' Complaint, which are therefore denied. Sunny Isles Defendants deny the remainder of the allegations in Paragraph 4 of Plaintiffs' Complaint.

5. Sunny Isles Defendants are without knowledge of the truth or falsity of the allegations in Paragraph 5 of Plaintiffs' Complaint regarding Plaintiff Ruiz's residency and disability, which are therefore denied. Sunny Isles Defendants deny the remainder of the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Sunny Isles Defendants deny that Sunny Isles Luxury Ventures, Inc. is the operator, lessor or lessee of all the real property and improvements that are the subject of this action. Sunny Isles Defendants admit the remainder of the allegations in Paragraph 6 of Plaintiffs' Complaint.

7. Sunny Isles Defendants deny that 18001 Holdings, LLC is the operator, lessor or lessee of all the real property and improvements that are the subject of this action. Sunny Isles Defendants admit the remainder of the allegations in Paragraph 7 of Plaintiffs' Complaint.

8. Sunny Isles Defendants deny that Sunny Isles Luxury Ventures, L.C. is the operator, lessor or lessee of all the real property and improvements that are the subject of this action. Sunny Isles Defendants admit the remainder of the allegations in Paragraph 8 of Plaintiffs' Complaint.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

9. Sunny Isles Defendants admit that Room 1117 is one of the accessible rooms at the Premises.  Sunny Isles Defendants deny that Room 1117 is not accessible as required by the ADA.  Sunny Isles Defendants are without knowledge of the truth or falsity of the remainder of the allegations in Paragraph 9 of Plaintiffs' Complaint, which are therefore denied.

10. Sunny Isles Defendants are without knowledge of the truth or falsity of the allegations in the first three sentences of Paragraph 10 of Plaintiffs' Complaint, which are therefore denied.  Sunny Isles Defendants deny the remainder of the allegations in Paragraph 10 of Plaintiffs' Complaint and note that Plaintiffs have not requested the referenced early discovery.

11. Sunny Isles Defendants admit the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Sunny Isles Defendants adopt and re-allege the responses stated in Paragraphs 1 through 10 of this Answer as if fully stated herein.

13. Sunny Isles Defendants admit the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. To the extent that Paragraph 14 of Plaintiffs' Complaint is a characterization of portions of the ADA, the statute speaks for itself and no further response is required.

15. Sunny Isles Defendants admit that they have a legal duty to comply with the ADA for those portions of the premises for which they are the operator, lessor or lessee, but deny that they are the operator, lessor or lessee of all the real property and improvements that are the subject of this action.  Sunny Isles Defendants deny the remainder of the allegations in Paragraph 15 of Plaintiffs' Complaint.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

16. Sunny Isles Defendants admit that they own and/or operate a hotel and related facilities whose public accommodation areas are subject to Title III of the ADA.  Sunny Isles Defendants deny that they own, operate or lease condominium units that are subject to Title III of the ADA.  Sunny Isles Defendants further deny the remainder of the allegations in Paragraph 16 of Plaintiffs' Complaint.

17. Sunny Isles Defendants admit that certain parts of the premises that are the subject of this action are a public accommodation that must comply with the ADA, but Sunny Isles Defendants deny that the entirety of the premises that are the subject of this action are a public accommodation that must comply with the ADA and further deny the remainder of the allegations in Paragraph 17 of Plaintiffs' Complaint.

18. Sunny Isles Defendants deny the allegations in Paragraph 18 of Plaintiffs' Complaint.

19. Sunny Isles Defendants admit the allegations in Paragraph 19 of Plaintiffs' Complaint.

20. Sunny Isles Defendants deny the allegations in Paragraph 20 of Plaintiffs' Complaint, including all sub-paragraphs.

21. Sunny Isles Defendants deny the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Sunny Isles Defendants are without knowledge of the truth or falsity of the allegations in the first sentence of Paragraph 22 of Plaintiffs' Complaint, which are therefore denied.  Sunny Isles Defendants deny the remainder of the allegations in Paragraph 22 of Plaintiffs' Complaint.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

23. Sunny Isles Defendants admit that the ADA authorizes the issuance of injunctive relief in appropriate circumstances, but Sunny Isles Defendants deny that injunctive relief would be appropriate in this case, and further deny the remainder of the allegations in Paragraph 23 of Plaintiffs' Complaint.

24. No response is required to the allegations in Paragraph 24 of Plaintiffs' Complaint.

25. Sunny Isles Defendants admit the allegations in Paragraph 25 of Plaintiffs' Complaint.

26. Sunny Isles Defendants adopt and re-allege the responses stated in Paragraphs 1 through 24 of this Answer as if fully stated herein.

27. To the extent that Paragraph 27 of Plaintiffs' Complaint is a characterization of portions of Florida Statutes § 553.503, the statute speaks for itself and no further response is required.

28. To the extent that Paragraph 28 of Plaintiffs' Complaint is a characterization of portions of Florida Statutes § 553.503 and the Florida Accessibility Code for Building Construction, the statute and code provision speak for themselves and no further response is required.

29. To the extent that Paragraph 29 of Plaintiffs' Complaint is a characterization of portions of Florida Statutes § 553.502, the statute speaks for itself and no further response is required.

30. To the extent that Paragraph 30 of Plaintiffs' Complaint is a characterization of portions of Florida Statutes § 553.73(b), the statute speaks for itself and no further response is required.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

31.     To the extent that Paragraph 31 of Plaintiffs' Complaint is a characterization of portions of Florida Statutes § 553.84, the statute speaks for itself and no further response is required.

32.     To the extent that Paragraph 32 of Plaintiffs' Complaint is a characterization of portions of 28 CFR § 36.103(c), the regulation speaks for itself and no further response is required.

33.     Sunny Isles Defendants admit that, to the extent that any of them is deemed to be a developer of the subject premises, such a developer has a duty to comply with Florida Statutes § 553.501 for those portions of the premises for which they are the operator, lessor or lessee. Sunny Isles Defendants deny that they are the operator, lessor or lessee of all the real property and improvements that are the subject of this action and further deny the remainder of the allegations in Paragraph 33 of Plaintiffs' Complaint.

34.     Sunny Isles Defendants deny the allegations in Paragraph 34 of Plaintiffs' Complaint, including all sub-paragraphs.

35.     Sunny Isles Defendants deny the allegations in Paragraph 35 of Plaintiffs' Complaint.

36.     Sunny Isles Defendants deny the allegations in Paragraph 36 of Plaintiffs' Complaint.

37.     Sunny Isles Defendants are without knowledge of the truth or falsity of the allegations in the first sentence of Paragraph 37 of Plaintiffs' Complaint, which are therefore denied. Sunny Isles Defendants deny the remainder of the allegations in Paragraph 37 of Plaintiffs' Complaint.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

38. Sunny Isles Defendants admit that the ADA and the Florida Statutes authorize the issuance of injunctive relief in appropriate circumstances, but Sunny Isles Defendants deny that injunctive relief would be appropriate in this case, and further deny the remainder of the allegations in Paragraph 38 of Plaintiffs' Complaint.

39. No response is required to the allegations in Paragraph 39 of Plaintiffs' Complaint.

40. Sunny Isles Defendants deny each and every allegation in Plaintiffs' Complaint not specifically admitted herein and further deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

As for their Affirmative Defenses to Plaintiffs' Complaint, Sunny Isles Defendants state as follows:

### FIRST DEFENSE

Plaintiffs lack standing to obtain relief under the ADA to the extent that they are unable to establish that they have suffered an injury in fact that is concrete and particularized, actual or imminent, rather than conjectural or hypothetical, or that they are likely to suffer injury in the future.

### SECOND DEFENSE

Plaintiffs lack standing as this Court cannot grant meaningful relief from some or all of the claims set forth in the Complaint.

### THIRD DEFENSE

Plaintiffs fail to state a claim to the extent that they are unable to establish that they have been denied full and fair access to the subject property within the meaning of the ADA.

### FOURTH DEFENSE

Plaintiffs fail to state a claim to the extent that the accommodations or modifications requested are not readily achievable.

### FIFTH DEFENSE

Plaintiffs fail to state a claim to the extent that the accommodations or modifications requested are not reasonable or necessary, or would create an undue hardship.

### SIXTH DEFENSE

The subject property is fully or substantially compliant with the ADA and all pertinent regulations.

### SEVENTH DEFENSE

Plaintiffs are seeking relief by way of modifications to the subject property that are not readily achievable or are technically infeasible.

### EIGHTH DEFENSE

Plaintiffs are seeking relief by way of modifications to the subject property and/or Sunny Isle Defendants' policies and practices that would cause a fundamental alteration in the manner in which Sunny Isle Defendants provide goods and services to the public.

## NINTH DEFENSE

Plaintiffs are seeking relief by way of modifications to the subject property and/or Sunny Isle Defendants' policies and practices that would cause a direct threat to the health and/or safety of Plaintiffs and/or others.

## TENTH DEFENSE

Plaintiffs plead a count for injunctive relief under the Florida Americans with Disabilities Implementation Act for which there is no private right of action for injunctive relief.

## ELEVENTH DEFENSE

Plaintiffs' claims fail, in whole or in part, due to their failure to attempt to mitigate or resolve the issues prior to initiating litigation.

## TWELFTH DEFENSE

For those portions of the subject property that Sunny Isles Defendants are not the owners, operators, lessors or lessees, they can have no liability to Plaintiffs.

WHEREFORE, Sunny Isles Defendants respectfully request that:

1. Plaintiffs' Complaint be dismissed with prejudice;

2. Judgment be entered in favor of Sunny Isles Defendants and against Plaintiffs;

3. Sunny Isles Defendants recover from Plaintiffs their costs, reasonable attorney's fees and other expenses of this litigation; and

4. Sunny Isles Defendants be awarded such other and further relief as is just and proper.

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

Respectfully submitted,

COFFEY BURLINGTON
*Counsel for Defendants Sunny Isles Luxury*
  *Ventures, Inc., 18001 Holdings, LLC*
  *and Sunny Isles Luxury Ventures, L.C.*
Office in the Grove, Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261

  /s/Daniel F. Blonsky
Daniel F. Blonsky – FBN 972169
dblonsky@coffeyburlington.com
Susan E. Raffanello - FBN 676446
sraffanello@coffeyburlington.com

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served by electronic mail on the 27th day of March 2012 on all counsel or parties of record on the Service List below.

*s/*Daniel F. Blonsky

**SERVICE LIST**

| | |
|---|---|
| Jose R. Puig | Marcel E. Lescano |
| Puig Law Firm, P.A. | 1761 W Hillsboro Blvd. |
| Second Floor | Suite 404 |
| 4090 Laguna Street | Deerfield Beach, Florida 33442-1563 |
| Coral Gables, Florida 33146 | Tel: 954-420-5433 |
| Tel: 305-442-6780 | Fax: 954-420-5131 |
| Fax: 305-974-1939 | E-Mail: mlescano@me.com |
| E-Mail: jp@puiglaw.com | *Co-Counsel for Plaintiffs* |
| *Counsel for Plaintiffs* | |

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com